UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CLARENCE BROOKS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-1236-F |
| | ) | |
| **GARFIELD COUNTY JAIL and** | ) | |
| **ATTORNEY GENERAL OF THE** | ) | |
| **STATE OF OKLAHOMA,** | ) | |
| | ) | |
| Respondents.[1] | ) | |

## REPORT AND RECOMMENDATION

Petitioner Clarence Brooks, a state prisoner appearing pro se, filed a petition for a writ of habeas corpus ("Petition," Doc. No. 1).[2] United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). Having reviewed the Petition, the undersigned recommends that it be dismissed without prejudice to refiling.

---

[1] Petitioner appears to name Garfield County Jail and the Attorney General of the State of Oklahoma as Respondents. Pet., Doc. No. 1, at 1. A writ of habeas corpus, or an order for a respondent to show cause as to why such writ should not be granted, must "be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Thus, such person must be named as the respondent. Rules 1(b), 2(a), Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"). Because the Garfield County Jail is not a person and the Oklahoma Attorney General does not have custody of Petitioner, neither is a proper respondent to this Petition. If the undersigned's recommendation that the Petition be dismissed is not adopted, the Sheriff of Garfield County should be substituted as sole Respondent in this action.

[2] Citations to documents filed with the Court use the page numbers assigned by the Court's electronic filing system.

BACKGROUND

Petitioner filed his Petition on November 21, 2013, while a pretrial detainee at the Garfield County Jail in Enid, Oklahoma. Petitioner alleges that he "was denied his rights under the Speedy Trial Act" because he had been awaiting trial on state criminal charges since September 24, 2013, despite requesting a speedy trial. *See* Pet., Doc. No. 1, at 5; *see also State v. Brooks*, No. CF-2013-188 (Garfield Cnty. Dist. Ct. filed Apr. 19, 2013).[3] Petitioner states that he initially pled not guilty to charges of (1) false personation, and (2) domestic abuse–assault and battery. *See* Pet. at 1, 4-11. He further states that he is "still going to court on [the] case." *Id*. at 4-11. In his Petition, he seeks his release from custody and monetary damages.[4] *Id*. at 14.

The publicly available docket sheet in Petitioner's state court criminal case reflects that on February 12, 2014, after the charge of false personation had been amended to a misdemeanor charge of obstruction of justice, Petitioner pled guilty to that count as well as to the count of assault and battery. Petitioner was sentenced to one year of incarceration for each count with the sentences to run concurrently. *See also* Pet'r's Letter, Doc. No. 8 (discussing disposition of state criminal proceeding).

---

[3] The docket sheet for Case No. CF-2013-188 is publicly available at http://www.oscn.net/applications/oscn/GetCaseInformation.asp?number=CF-2013-188&db=Garfield&submitted=true. In this Report and Recommendation, the undersigned takes judicial notice of publicly available state court records to corroborate the limited information provided in the Petition. *See* Fed. R. Evid. 201.

[4] On his form-based Petition, Petitioner erroneously indicated that he had already been convicted of the charges. *See* Pet. at 1. It is clear from the nature of the Petition, however, that Petitioner was challenging his pretrial detention and, as discussed *infra*, later pled guilty to charges giving rise to that detention.

ANALYSIS

Although Petitioner filed his Petition under 28 U.S.C. § 2254, it is properly construed as filed under § 2241 because Petitioner was seeking his release from pretrial detention at the time the Petition was filed—i.e., he was not being held pursuant to a state court judgment of conviction as required to proceed under § 2254. *See Miller v. Glanz*, 331 F. App'x 608, 609-10 (10th Cir. 2009); 28 U.S.C. § 2254(a). A petition under § 2241 to "challenge a [petitioner's] pretrial custody become[s] moot upon the conviction of the petitioner." *Clark v. Payne*, 341 F. App'x 355, 356 (10th Cir. 2009). Mootness may be addressed sua sponte "because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). Here, the § 2241 Petition became moot on February 12, 2014, when Petitioner was convicted and sentenced upon entering his pleas of guilty to the criminal charges pending against him. *See State v. Brooks*, No. CF-2013-188; Pet'r's Letter, Doc. No. 8. Accordingly, the Petition should be dismissed without prejudice. *See Clark*, 341 F. App'x at 356.

Even if the Petition were not moot, it would be subject to dismissal on other grounds. For instance, Petitioner's sole ground for relief is his assertion that his rights under the Speedy Trial Act have been violated. Pet. at 5. Petitioner's reference to the Speedy Trial Act is reasonably construed in the context of his allegations as meaning an

Oklahoma statute—specifically, Okla. Stat. tit. 22, §§ 812.1-.2.[5] But a violation of that act would not, in itself, present a violation of Petitioner's *federal* rights, as is required for a writ of habeas corpus to be issued by this Court. *See* 28 U.S.C. § 2241(c)(3); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner also has a right to a speedy trial under the Sixth Amendment to the United States Constitution; however, Petitioner has not presented sufficient facts in his Petition to allege a violation of this right. *See Jackson v. Ray*, 390 F.3d 1254, 1259-67 (10th Cir. 2004) (discussing balancing test applied in analyzing alleged violation of right to speedy trial). For instance, Petitioner has not shown prejudice resulting from any alleged improper delay. *See* Pet. at 5; *Jackson*, 390 F.3d at 1263-66. Moreover, it appears from the face of the Petition, as well as from state

---

[5] For Petitioner's information, and upon his request, he is advised that Section 812.1 of Title 22 of the Oklahoma Statutes provides:

> A. If any person charged with a crime and held in jail solely by reason thereof is not brought to trial within one (1) year after arrest, the court shall set the case for immediate review as provided in [Section 812.2], to determine if the right of the accused to a speedy trial is being protected.
>
> B. If any person charged with a felony crime who is held to answer on an appearance bond is not brought to trial within eighteen (18) months after arrest, the court shall set the case for immediate review as provided in [Section 812.2], to determine if the right of the accused to a speedy trial is being protected.
>
> C. In the event a mistrial is declared or a conviction is reversed on appeal, the time limitations provided for in this section shall commence to run from the date the mistrial is declared or the date of the mandate of the Court of Criminal Appeals.

Okla. Stat. tit. 22, § 812.1. Section 812.2 of Title 22 of the Oklahoma Statutes establishes a procedure for an Oklahoma court to review whether the right of an accused to a speedy trial under Oklahoma law is being violated. *See id.* § 812.2.

court public records, that Petitioner did not exhaust his available state court remedies before filing this Petition in federal court—which would further subject the Petition to dismissal. *See* Pet. at 5 (noting that motions for speedy trial were "not on appeal[,] still going to court on these previous charges"); *Allen v. Zavaras*, 568 F.3d 1197, 1202 (10th Cir. 2009) (permitting sua sponte dismissal of petition when failure to exhaust state remedies is clear from face of petition).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petition (Doc. No. 1) be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by October 17, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Court Clerk is directed to serve copies of the Petition and this Report and Recommendation to Respondent the Attorney General of the State of Oklahoma through electronic mail sent to fhc.docket@oag.state.ok.us and to Respondent Garfield County Jail. *See* Section 2254 R. 1(b), 4.

This Report and Recommendation terminates the referral in the present case.

ENTERED this 26th day of September, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE